**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 04-CR-30111-WDS |
| | ) | |
| **LLOYD PRUDENZA,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant Lloyd Prudenza's motions for review of his conditions of confinement (Docs. 243 and 244)[1]. The defendant asserts several grounds for relief. As part of his requests he seeks: a) transfer of jurisdiction to the country of Canada, or, in the alternative, for transfer to another medical facility; b) to have the Court direct the United States Attorney to file a Rule 35 on his behalf to further reduce his sentence for substantial assistance; and c) modification of his sentence because due to his illness, asserting that the Court's sentence of 180 months,[2] amounts, in his opinion to a "death sentence" because of his health issues.

The record is clear that the defendant suffers from chronic hepatitis and cirrhosis of the liver. Inter alia, the defendant seeks a liver transplant. The defendant asserts that in the Bureau of Prisons system he is receiving inadequate care for his chronic condition, that his condition is

---

[1] In addition to these motions, the Court has received numerous letters from the defendant and his wife seeking intervention of the Court with respect to his confinement and his treatment, asserting the same complaints raised in his motions and imploring the Court for relief.

[2] He was sentenced to a term of 120 months on each of Counts 1 through 23 to be served concurrently and a term of 60 months to be served consecutively to Counts 1-23.

deteriorating, and that the medical treatment available in the Canadian prison system is may be different that available to him in the Bureau of Prisons system.

The record reveals that the defendant's request for a liver transplant has been denied, in part, because the Bureau of Prisons has determined that he does not have end-stage liver cirrhosis from chronic viral hepatitis. He, therefore, was determined not to meet the qualifications for a liver transplant. (See, letter from Warden Tracy W. Johns, dated 12/28/2011, Exhibit I, Doc. 244). As part of that determination, the defendant was advised of his appeal options to the Regional Director (*Id*.). Defendant took an administrative appeal to the Regional Director and that appeal was denied on March 7, 2012 (Ex. N). The basis for the denial was that the defendant is currently undergoing treatment for his infectious disease as well as other chronic conditions and in December 2011, after a medical examination, it was not recommended that he be placed on a liver transplant list. In that letter, the defendant is advised that he should appeal the response, if dissatisfied, to the General Counsel, Federal Bureau of Prisons.

In his motions, the defendant asserts that he is not receiving adequate care for his advanced liver disease and that he fears his health will further deteriorate. He has included a number of exhibits including medical reports; letters from the Bureau of Prisons indicating that he is not entitled to a liver transplant because he does not have end stage liver cirrhosis from chronic viral hepatitis; reports on his current BOP course of treatment; letters requesting his transfer to a Canadian facility; and other medical records. It is clear to the Court that the defendant has been persistent in his efforts to receive a liver transplant through the Bureau of Prisons system, but has been denied due to ineligibility under Bureau of Prisons standards.

Essentially, defendant's claim is that his Eighth Amendment rights are being violated by

the treatment he is receiving while in the custody of the Bureau of Prisons. He asks this Court to either force the government to file a Rule 35 motion, or order his transfer to the Canadian Justice system, or modify his sentence, all of which are more properly addressed in a motion for review of his sentence 28 U.S.C. §2255.[3]

Upon review of the record, the Court **FINDS** that defendant is not entitled to the relief he seeks in this criminal case. The Court cannot order the transfer of an inmate to another country. That authority is singularly vested in the Attorney General. *See,* Article 4, Part (5) of the Convention on the Transfer of Sentenced Persons, 18 U.S.C. § 4102. Nor has the defendant established any basis for the Court to find that the government has improperly denied him a motion under Fed. R. Crim. P. 35(b). *Cf. United States v. Wilson*, 390 F.3d 1003 (7th Cir. 2005). The basis for the defendant's request for a Rule 35 motion is based solely on his deteriorating health, not a ground for reduction under Rule 35. Finally, the Court cannot find a basis, in this action, for modifying his sentence.

Accordingly, the Court **DENIES** defendant's motions on all grounds raised. The Court notes that the if the defendant seeks to have the Court review his sentence, he should file any additional pleadings (not letters) in his habeas action.

**IT IS SO ORDERED.**

**DATED: 12 September, 2012**

                                                  **s// WILLIAM D. STIEHL**
                                                        **District Judge**

---

[3]Defendant has filed a separate habeas action, *Prudenza v. United States,* 10-868-WDS, which is pending before this Court and raises basically identical claims.