# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | NO. 04-CR-30111-WDS |
| LLOYD PRUDENZA, ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant Lloyd Prudenza's pro se motions to vacate or set aside order of restitution (Doc. 248); motion for appointment of counsel (Doc. 249); Motion for Release from Custody (Doc. 250); Second Motion for Release from Custody (Doc. 251); and Motion to Compel Specific Performance and Request for Merit Sentence Reduction (Doc. 252).

The defendant currently has a petition for habeas review pending, 10-868-WDS. The issues raised in his motions at Doc. 248, 250, 251, and 252 involve his conditions of confinement. Doc. 248 deals with the quality of the food available to him in the Bureau of Prisons and how he has to spend his money on food supplements, and therefore should be released from restitution obligations. Doc. 250 seeks "clarification" of his sentence, asserting that the Court's sentence amounts to a sentence of death due to the lack of appropriate medical for his medical condition. Doc. 251 also seeks clarification of the Court's sentence on the grounds that the Bureau of Prisons cannot adequately deal with his medical needs. He also claims that he received, essentially, ineffective assistance of counsel because counsel did not

argue for a downward departure due to his illness and health condition. Doc. 252 seeks to compel "specific performance" and the defendant requests a "merit" sentence reduction for his cooperation. Defendant asserts that his cooperation and testimony qualified him for a sentence reduction. Specifically, the defendant cites his cooperation with Canadian authorities, testifying in this District at the trial of his codefendant, and the inadequate representation he received with respect to the "agreement" with the government that it would file a Rule 35 motion.

The Seventh Circuit has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

*Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (*quoting Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). Further, "since the government alone is authorized to file a Rule 35(b) motion, the defendant's submission—in effect a demand to compel the government to move under Rule 35(b)—necessarily rested on § 2255." *United States v. Richardson*, 558 F.3d. 680, 681 (7th Cir. 2009).

To the extent that defendant challenges the conditions of his confinement, including his claims of inadequate medical treatment, those claims must be brought as a civil action in the district where he is confined. To the extent that he challenges his sentence, the adequacy of the representation of counsel, seeks to modify or change that sentence, or otherwise those claims must be brought as a civil habeas action, and are not subject to review as part of his

criminal case.

Defendant is hereby **NOTIFIED AND WARNED** of the following consequences with respect to the claims which must be filed as a habeas action:

1. A subsequently filed § 2255 motion is subject to the limitations against second or successive motions, as described in § 2255(h);

2. Defendant may seek leave, in his pending habeas action, *Prudenza v. United States*, 10-CV-868-WDS, to amend the prior filing so that it contains all of the § 2255 claims he believes he has.

*See Castro v. United States*, 540 U.S. 375, 383 (2003); *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001).

The Court, therefore, **DISMISSES** for lack of jurisdiction defendant's Motion To Vacate Or Set Aside Restitution (Doc. 248); **DISMISSES** for lack of jurisdiction defendant's Motion for Clarification (Doc. 250); **DISMISSES** for lack of jurisdiction defendant's Second Motion for Clarification (Doc. 251); and **DISMISSES** for lack of jurisdiction defendant's Motion to Compel Specific Performance (Doc. 252. The Motion to Appoint Counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: 11 January, 2013**

                                                       **s// WILLIAM D. STIEHL**
                                                               **District Judge**